Filed 6/9/16  P. v. Chan CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| THE PEOPLE, | C079668 |
| Plaintiff and Respondent, | (Super. Ct. No. SF090168D) |
| v. | |
| RATHANA CHAN, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Rathana Chan has asked this court to review the record to determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436.)  We order correction of the abstract of judgment to conform to the oral pronouncement of sentence and affirm the judgment.

**BACKGROUND**

On September 12, 2003, defendant and another person fired shots from defendant's car into another vehicle, killing one person and wounding two others. Several of defendant's passengers told police that, when defendant pulled alongside the victims' vehicle, he said he believed the victims were gang members who "had shot at

1

him before in the past" and were "the enemy." Defendant's passengers also told police that people in defendant's car were also members of a gang.

On January 17, 2006, defendant was charged by third amended complaint with one count of murder (Pen. Code, § 187--count 1),[1] two counts of attempted premeditated murder (§§ 664/187, subd. (a)--counts 2 and 3), discharge of a firearm from a vehicle (§ 12034, subd. (d)--count 4), shooting at an occupied motor vehicle (§ 246--count 5), street terrorism (§ 186.22, subd. (a)--count 6), and possession of a firearm by a felon having previously been convicted of a violent offense (§ 12021.1, subd. (a)--count 7). The complaint alleged that, in committing count 1, defendant discharged a firearm from a vehicle with the intent to kill (§ 190.2, subd. (a)(21)) and was an active participant in a criminal street gang (§ 190.2, subd. (a)(22)). The complaint further alleged that, in committing counts 1 through 5, a principal personally and intentionally discharged a handgun causing death to the victim (§ 12022.53, subds. (d) & (e)(1)) and that defendant committed the offense for the benefit of, at the direction of, and in association with a criminal street gang (§ 186.22, subd. (b)(1)). A warrant issued for defendant's arrest on January 17, 2006.

On October 26, 2012, defendant filed a motion to dismiss the outstanding warrant, claiming unreasonable delay in his extradition in that he had been serving time in Pennsylvania and was easily located. The trial court appointed counsel for defendant, but the motion to dismiss was dropped from calendar after two appearances where defendant's whereabouts were unknown.

On July 8, 2013, defendant appeared in court with counsel. Defendant entered not guilty pleas and the matter was set for a preliminary hearing. Defendant made no mention of his motion to dismiss. The preliminary hearing was conducted and on

_____

[1] Further undesignated statutory references are to the Penal Code in effect at the time of the charged offenses.

2

July 29, 2013, defendant was charged by information with allegations nearly identical to those in the previously filed amended complaint, adding only that, in committing counts 1 through 5, defendant personally and intentionally discharged a handgun causing death to the victim (§ 12022.53, subds. (b)-(e)) and personally used a firearm (§ 12022.5).

Over the course of the next two years, the trial court conducted a number of hearings in defendant's case and eventually appointed new counsel. On March 2, 2015, defendant entered a negotiated plea of no contest to a charge of voluntary manslaughter (§ 192, subd. (a)--amended count 1), a strike, and admitted a firearm use enhancement (§ 12022.5), and a gang enhancement (§ 186.22, subd. (b)(1)) in exchange for a stipulated 20-year sentence and dismissal of the balance of charges and allegations against him, as well as a pending petition for violation of probation. The parties stipulated to the preliminary hearing transcript as a factual basis for the plea.

The trial court sentenced defendant to 20 years in state prison (the upper term of 11 years plus a consecutive four-year term for the firearm enhancement and a five-year term for the gang enhancement), consistent with the plea agreement, with 795 days of presentence custody credit (692 actual days plus 103 conduct credits). The court imposed a $300 restitution fine (§ 1202.4), a $300 parole revocation fine, stayed pending successful completion of parole (§ 1202.45), a $40 court security fee (§ 1467.8), and a $30 criminal conviction fee (Gov. Code, § 70373), and reserved jurisdiction on the issue of victim restitution.

Defendant filed a timely notice of appeal. The trial court granted his request for a certificate of probable cause.

## DISCUSSION

Counsel filed an opening brief that sets forth the facts of the case and requests that we review the record and determine whether there are any arguable issues on appeal. (*People v. Wende, supra*, 25 Cal.3d 436.) Defendant was advised by counsel of the right

3

to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days have elapsed and we received no communication from defendant.

We note one small discrepancy between the trial court's oral pronouncement of sentence and the abstract of judgment. The abstract contains a "$30 surcharge" not orally imposed by the court and not accompanied by any identifying statutory basis. The abstract of judgment may not add to or modify the judgment (*People v. Zackery* (2007) 147 Cal.App.4th 380, 385, 389) and, where there is a discrepancy between the oral pronouncement of judgment and the abstract of judgment, the oral pronouncement controls (*People v. Mitchell* (2001) 26 Cal.4th 181, 185-186). We shall direct the trial court to correct the abstract accordingly.

Having undertaken an examination of the entire record, we find no other arguable error that would result in a disposition more favorable to defendant.

## DISPOSITION

The judgment is affirmed. The trial court is directed to prepare a corrected abstract of judgment that omits the $30 surcharge, and to forward a certified copy to the Department of Corrections and Rehabilitation.

/s/
Duarte, J.

We concur:


/s/
Nicholson, Acting P. J.


/s/
Butz, J.

4